OPINION OF THE COURT
Richard L. Buchter, J.
The issue presented herein is whether criminal convictions had in the State of Israel may be used to cross-examine the defendant in the event he testifies at the trial of this case.
In the course of a Sandoval hearing the People sought to bring out, inter alia, that the defendant had been convicted in Israel of uttering a check without adequate cover in 1981 and assault in 1984.
*469 Initially, the court held its Sandoval determination in abeyance until it could determine preliminarily whether the Israeli justice system complies with basic concepts of fundamental due process under the United States Constitution. (163 Mise 2d 679.)
While the court has now determined that Israel’s legal procedures are, for the most part, remarkably similar to United States law, there are certain fundamental and critical United States constitutional safeguards which are not afforded to defendants under the Israeli system. (Cohen, Developments in Criminal Law and Criminal Justice, 4 Criminal Law Forum 3 [1993].)
Initially, in Israel there are no jury trials. Additionally, the exercise of a defendant’s right to remain silent may be used against the defendant at trial.
The right to a jury trial in serious criminal cases and the right of an accused to remain silent and to suffer no penalty for such silence have long been staples of fundamental American due process. (See, Duncan v Louisiana, 391 US 145; Malloy v Hogan, 378 US 1.)
The court finds that the Israeli system’s failure to afford the defendant the right to a jury of his peers and an unfettered right to remain silent comprises a clear differentiation between an Israeli conviction and a conviction had in the United States. (Cf., Malinski v New York, 324 US 401; cf., Rochin v California, 342 US 165.)
Taking the above distinction into account, and after a consideration of the usual Sandoval factors, which have been set forth on the trial record (i.e., the age of the convictions, the nature of the charges, and a balancing of prejudicial effect versus probative value, etc.), the court now will not allow the People to question the defendant about his Israeli criminal convictions.